OPINION
On February 11, 1997, the Court of Common Pleas of Pickaway County, Ohio, sentenced appellant, Frankie Lee Tate, to an aggregate term of twelve months in prison on five counts of forgery. Appellant was permitted to enter a boot camp diversion program. On April 25, 1998, while attending Camp Reams boot camp in Fairfield County, Ohio, appellant stole a vehicle and escaped. The next day, appellant stole another vehicle in Perry County, Ohio. Thereafter, appellant was apprehended and returned to the custody of the Department of Rehabilitation and Corrections. On August 3, 1998, the Bad Time Panel of the Rule Infraction Board recommended that appellant be given ninety days of bad time. The Ohio Parole Board agreed and added ninety days of bad time to appellant's sentence. On January 19, 1999, appellant pled guilty to escape in violation of R.C. 2921.34(A)(1) and two counts of theft of a motor vehicle in violation of R.C. 2913.92(A)(1), all counts stemming from the April 25, 1998 incident. By judgment entry filed February 26, 1999, the trial court sentenced appellant to an aggregate term of thirty months in prison. On September 20, 1999, appellant filed a petition to vacate and set aside judgment pursuant to R.C. 2953.21. By judgment entry filed September 28, 1999, the trial court denied said petition. The trial court filed findings of fact and conclusions of law on November 3, 1999. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED IN FAILING TO SET ASIDE MR. TATE'S CONVICTIONS FOR ESCAPE AND THEFT OF A MOTOR VEHICLE PURSUANT TO R.C. 2953.21 AS HIS CONVICTION VIOLATED THE DOUBLE JEOPARDY PROTECTIONS GUARANTEED UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.
 II THE TRIAL COURT ERRED IN FAILING TO SET ASIDE MR. TATE'S CONVICTION AS VOID PURSUANT TO R.C. 2953.21. MR. TATE WAS MATERIALLY PREJUDICED BY COUNSEL'S UNREASONABLY INEFFECTIVE ASSISTANCE WHEN ADVISED TO PLEAD GUILTY TO OFFENSES FOR WHICH HE HAD ALREADY BEEN PUNISHED WITHIN THE MEANING OF THE DOUBLE JEOPARDY CLAUSE.
 I
Appellant claims the trial court erred in denying his petition for post conviction relief pursuant to R.C. 2953.21. In said petition, appellant argued two issues. First, the imposition of bad time pursuant to R.C. 2967.11 for escape caused jeopardy to attach and therefore his subsequent conviction for escape and theft violated the Double Jeopardy Clauses of the United States and Ohio Constitutions. Secondly, his trial counsel was ineffective in failing to argue the double jeopardy issue and in permitting him to plead guilty. In denying the petition, the trial court found R.C. 2967.11(B) to be constitutional. The ineffective assistance of trial counsel argument was never addressed. We find that in order for appellant to prevail, the issue of ineffective assistance of counsel must be addressed. The standard this issue must be measured against is set out State v. Bradley (1989),42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following: 2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984],466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
Appellant argues his trial counsel did not inform him of the double jeopardy issue and counseled him to plead guilty. In support of this argument, appellant presented the affidavits of his trial counsel and an expert attorney. In the trial counsel's affidavit, the attorney acknowledges his deficiency in not investigating the issue of bad time and in not filing appropriate pretrial motions. See, Affidavit of Robert Aaron Miller, attached to Appellant's Petition filed September 20, 1999. The affidavit of Richard Cline opines the failure of trial counsel to investigate the issue of bad time was deficient representation. Generally, issues cognizable on direct appeal are not subject to postconviction relief. State v. Cole (1982), 2 Ohio St.3d 112; State v. Jackson (1980), 64 Ohio St.2d 107. However, when issues are raised dehors the record they may be addressed under postconviction relief. State v. Smith (1985), 17 Ohio St.3d 98. Items dehors the record are included in this petition. They include Exhibit A, the Decision of the Managing Officer on Bad Time Review. This information was not of record until the filing of the petition. We therefore find this issue is ripe for postconviction review. In State ex rel. Bray v. Russell (2000),89 Ohio St.3d 132, 136, Justice Cook in her dissent notes "[t]he majority decides that `R.C. 2967.11 violates the constitutional doctrine of separation of powers' because it `enable[s] the executive branch to prosecute an inmate for a crime, to determine whether a crime has been committed, and to impose a sentence for that crime.'" Following Bray, the Supreme Court of Ohio reversed the conviction of a defendant who was given "bad time" under R.C.2967.11 and subsequently tried, convicted and sentenced for the same offense. See, State v. Nutt (2000), 89 Ohio St.3d 469. The double jeopardy issue was the basis of Nutt's appeal. We therefore remand this petition to the trial court to determine if appellant was in fact given bad time under R.C. 2967.11 and for what offense(s) the bad time was given. Based upon that finding, the trial court is ordered to vacate the judgment of the conviction on any offense(s) subject to double jeopardy. Assignments of Error I and II are granted.
The judgment of the Court of Common Pleas of Perry County, Ohio is hereby reversed and remanded.